IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-28-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY JULIUS SCROGGINS, SR., | ) | |
| Defendant. | ) | |

On September 10, 2020, Anthony Julius Scroggins, Sr. ("Scroggins") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 42, 45, 46, 47]. On November 20, 2020, the United States responded in opposition [D.E. 50]. As explained below, the court denies Scroggins's motion.

I.

On April 21, 2011, pursuant to a written plea agreement, Scroggins pleaded guilty to conspiracy to possess with intent to distribute and distribute 100 grams or more of heroin and 28 grams or more of cocaine base (crack). See [D.E. 20] 3–4. On September 22, 2011, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 27, 33]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Scroggins's total offense level to be 41, his criminal history category to be III, and his advisory guideline range to be 360 to 480 months' imprisonment. See [D.E. 27] 16; [D.E. 33]. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a),

the court sentenced Scroggins to 228 months' imprisonment. See [D.E. 34] 2. Scroggins did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Scroggins's request for compassionate release, Scroggins contends that he has exhausted his administrative requirements. See [D.E. 42]; [D.E. 45] 3. Scroggins submitted a request for compassionate release to the BOP which was denied on April 13, 2020. See [D.E. 45-1]. Scroggins appealed. See [D.E. 45-2]. The BOP denied Scroggins's appeal on July 1, 2020. See [D.E. 45-1]. The government concedes that Scroggins has exhausted his administrative remedies. See [D.E. 50] 3. Accordingly, the court addresses Scroggins's claim on the merits.

Scroggins seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Scroggins cites the COVID-19 pandemic and his health conditions, including stage 2 chronic kidney disease, hypertension, diabetes, and obesity. See [D.E. 42] 1; [D.E. 45] 2; [D.E. 47]. Scroggins also cites the conditions at FCI Butner and his rehabilitation efforts. See [D.E. 45] 2–8.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Scroggins states that he suffers from stage 2 chronic kidney disease, hypertension, diabetes, and obesity, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Scroggins serves his sentence. Accordingly, reducing Scroggins's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Scroggins's health conditions, and his rehabilitation efforts are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread

to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Scroggins's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Scroggins is 52 years old and engaged in very serious criminal behavior from at least the early 1990s to January 3, 2011. See PSR ¶¶ 7–14. Scroggins led a major narcotics trafficking operation in Brunswick, Columbus, and New Hanover counties, and was ultimately accountable for distributing 192.22 kilograms of crack cocaine, 3.64 kilograms of heroin, 6.9 grams of cocaine, and 34.6 grams of marijuana. See id. Scroggins also possessed firearms in connection with his drug trafficking activities. See id. Scroggins is also a violent recidivist with convictions for simple assault and assault by pointing a gun. See id. ¶¶ 16, 21. Scroggins also has convictions for defrauding an innkeeper, larceny (two counts), carrying a concealed gun, possession of marijuana, possession of cocaine (four counts), driving while license revoked (two counts), and possession of stolen goods/property. See id. ¶¶ 17–20, 22–31. Scroggins also has performed poorly on supervised release. See id. ¶¶ 24–25, 28. Nonetheless, Scroggins has taken positive steps while incarcerated. See [D.E. 45] 7–8; [D.E. 45-3]. The court also has considered Scroggins's potential exposure to COVID-19, the conditions at FCI Butner, his health conditions, and his rehabilitation efforts. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Scroggins, the section 3553(a) factors, Scroggins's arguments, the government's persuasive response, and the need to punish Scroggins for his serious criminal behavior, to incapacitate Scroggins, to promote respect for the law, to deter others, and to protect society, the court declines to grant Scroggins's motion for compassionate

6

release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Scroggins's motions for compassionate release [D.E. 42, 45].

SO ORDERED. This 26 day of January 2021.

JAMES C. DEVER III
United States District Judge